## THE PEOPLE *v.* IZQUIERDO.

APPEAL from the District Court of Mayagüez.

No. 49.—Decided February 3, 1904.

APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In the absence of a bill of exceptions or statement of facts, and no errors appearing in the record, the judgment of the lower court must be affirmed.

The facts are stated in the opinion.

*Mr. del Toro, Fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY rendered the opinion of the court, as follows:

The appellant in this case was indicted for murder in the second degree. On arraignment he pleaded not guilty and demanded a jury. He was tried by the court before a jury, who returned a verdict of guilty recommending clemency. The court sentenced him to fifteen years at hard labor in the penitentiary and to pay the costs of the proceedings.

The murder is alleged to have been committed on the 13th of March, 1903. He was indicted on the 22d of April, 1903, and was arraigned on the 26th of the same month, was tried before a jury on the 12th of May, 1903, and was sentenced by the court on the 18th of May of the same year.

An appeal was taken and the case was sent to this court on the 9th of November last. There is no statement of facts contained in the record, but the judgment sets out the facts as follows:

"That on the 13th day of March of this year the accused, in the road which leads from the city of San Germán to the *barrio* of 'Cain,' in the said municipal jurisdiction, with malice and premeditation in consequence of former grudges, inflicted various wounds upon Ra-

Ramón Arroyo Negron, conocido vulgarmente con el nombre de Poloní, con un instrumento cortante y punzante, yendo éste último, ó sea Poloni, sin arma alguna. Al recibir las dos primeras heridas, huyó Poloni, y su agresor Balbino Izquierdo Montaner le persiguió dándole la última herida por la espalda, en los momentos mismos en que escapaba de manos de Izquierdo, muriendo luego Poloni á consecuencia de dichas heridas''.

No existe escrito de excepciones, ni se ha presentado alegato alguno en el Tribunal Supremo, ni se hizo ningún informe oral á favor del apelante, alegándose únicamente á su favor, en el escrito del recurso de apelación, que él interpone dicho recurso porque el delito cometido es el de homicidio, con circunstancias atenuantes, demostradas por la buena conducta del procesado, y los malos antecedentes del interfecto, y que el delito no es asesinato en el segundo grado por que ha sido condenado. Que en el juicio oral quedó probado el delito de homicidio, con las circunstancias atenuantes alegadas.

No obstante el hecho de que no se ha presentado defensa á favor del apelante, hemos examinado cuidadosamente los autos en esta causa, sin poder encontrar nada en los mismos, ni de ley, ni de hecho, que tuviera la tendencia de atenuar el delito de que ha sido declarado culpable. En verdad, es muy posible, por lo que consta de los autos, que se le hubiera podido declarar culpable de un delito aún más grave, pero, puesto que solo fué acusado de asesinato en el segundo grado, siendo declarado culpable de dicho crímen por el jurado, y puesto que los hechos, como constan en los autos, apoyan esa declaración de culpabilidad, y no habiéndose demostrado por parte del acusado que el Tribunal haya incurrido en error de derecho, ni de hecho, debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y Figueras.

món Arrayo Negrón, commonly known by the name of Poloni, with a sharp-pointed instrument, the last named (that is to say Poloni) being without arms. On receiving the first two wounds Poloni fled and his aggressor, Balbino Izquierdo Montaner, pursued him, giving him the last wound in the back at the same moment in which he escaped from the hands of Izquierdo, afterwards dying in consequence of the said wounds.''

There is no bill of exceptions, nor is any brief filed in the Supreme Court, nor was any oral argument offered on behalf of the appellant, it only being alleged in his favor in the writing of the appeal that he takes the appeal because the offense committed is that of homicide with mitigating circumstances shown by the good conduct of the defendant, and the bad antecedents of the deceased, and that the offense is not murder in the second degree for which he has been condemned. That at the oral trial the offense of homicide was proven with such mitigating circumstances.

Notwithstanding the fact of no defense being made in behalf of the appellant, we have carefully examined the record in this case, and can find nothing therein either of law or of fact which would tend to lessen the crime of which he has been convicted. Indeed it is quite possible, from all that appears from the record, that he could have been convicted of even a more serious offense, but as he was only charged with murder in the second degree, and was convicted of that crime by the jury, and the facts as disclosed in the record support the finding, and no error of law or of fact has been shown on the part of the defendant, the judgment must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de esta causa.

---

## Ex-Parte Nadal.

Apelación procedente de la Corte de Distrito de San Juan.

No. 105.—Resuelto en Febrero 4, 1904.

Actos de Jurisdicción Voluntaria.—Se considerarán actos de jurisdicción voluntaria todos aquellos en que sea necasaria, ó solicite, la intervención del Juez, sin estar empeñada, ni promoverse, cuestión alguna entre partes conocidas y determinadas.

Id.—Enagenación de Bienes de Menores.—Autorización Judicial.—Pago de Deudas del Causante.—Los expedientes sobre autorización judicial para enagenar bienes de menores corresponden á la jurisdicción voluntaria, y el hecho de que el motivo que se alegue para la enagenación consista en al necesidad de pagar ciertas deudas del causante, no dá al expediente el carácter de contencioso, y es motivo que justifica la promoción del expediente.

Id.—Necesidad y Utilidad.—Justificada en forma legal la necesidad y utilidad de la enagenación de los bienes de menores, es procedente la autorización de la misma.

### EXPOSICIÓN DEL CASO.

En el recurso de apelación que ante *nos* pende interpuesto por Doña Eulogia Nadal y Colón, viuda de Kearney, en el expediente de jurisdicción voluntaria por ella promovido ante el Tribunal de Distrito de San Juan, sobre autorización judicial para enagenar bienes de menores.

*Resultando*: que en el expresado expediente dictó auto dicho Tribunal en dos de Julio último, que copiado á la letra dice así:

"Puerto Rico, Julio dos de mil novecientos tres. *Resultando*: que Doña Eulogia Nadal de Kearney manifestando que su esposo D. Daniel W. Kearney falleció en Aguadilla en 25 de Marzo de 1902, quedando tres hijos menores no emancipados de ese matrimonio, María Providencia, Josefina y Guillermo: que su mencionado espo-

Mr. Justice Sulzbacher did not sit at the hearing of this case.